IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE D. COWARD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0024 |
| | : | |
| PHILA; POLICE DEPARTM., *et al.* | : | |
|     Defendants. | : | |

## MEMORANDUM

**RUFE, J.**                                                                                                                                                                          **JANUARY 6, 2023**

Plaintiff Wallace D. Coward, a prisoner incarcerated at the Philadelphia Industrial Correctional Center, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on his arrest and the amount of force used on him in the course of his arrest. Coward seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

The Complaint names as Defendants the Philadelphia Police Department and "Lopez," who is identified as a "Patrolman" employed by the Philadelphia Police Department. Coward brings claims pursuant to § 1983 for "unlawful arrest & harassment" in connection with his arrest on July 23, 2019, apparently by Officer Lopez. Coward alleges that on that date, he went to "the 7900 block of North Broad Street to have [his] motorcycle towed to the shop."[1] "When [Coward] got to the location a [illegible]; [a] police car was behind [his] motorcycle."[2]

---

[1] Compl. at 5.

[2] Compl. at 5.

Coward alleges that he asked the Officer, presumably Lopez, what the problem was and produced his temporary registration and driver's licenses.[3] Coward alleges that he was then arrested, and that his shoulder was injured by the officer.[4] He seeks damages to compensate him for his medical expenses and the money he had to pay to retrieve his motorcycle.

## II.     STANDARD OF REVIEW

As Plaintiff seeks to proceed *in forma pauperis*, the Court "has the authority to dismiss the case at any time, regardless of the status of a filing fee,"[5] and the Court must dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[6] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[8] Conclusory allegations do not suffice.[9] Additionally, a court may dismiss a complaint based on an affirmative defense when the

---

[3] Compl. at 5.

[4] Compl. at 5.

[5] *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (internal quotation marks and citation omitted).

[6] *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[8] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[9] *Iqbal*, 556 U.S. at 678.

"defense is apparent on the face of the complaint." [10] As Coward is proceeding *pro se*, the Court construes his allegations liberally.[11]

### III. DISCUSSION

Coward brings his claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[12] Coward's Complaint is best construed as raising claims under the Fourth Amendment based on the events of July 23, 2019.[13] Because the claims are time-barred, the Complaint must be dismissed.

Pennsylvania's two-year statute of limitations applies to these claims.[14] A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."[15] In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."[16] A

---

[10] *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

[11] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[12] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[13] *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").

[14] *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[15] *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).

[16] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.[17]

Coward's claims accrued on July 23, 2019, the date he was arrested and subjected to excessive force, because that is the date that he knew or should have known of his injuries.[18] However, Coward did not file his Complaint until December 25, 2022, at the earliest, which is more than three years after his claims accrued, or long after the statute of limitations expired.[19] Nor is there any basis for tolling here. Indeed, Coward filed another civil action in this Court in 2021, which reflects that he was capable of pursuing the claims he raises here within the applicable statute of limitations.[20] Accordingly, Coward's claims are dismissed as time-barred.[21]

---

[17] *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing.").

[18] *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on . . . the date on which he alleges he was injured by the defendants' actions."). Coward does not allege that he was charged with any offenses in connection with his arrest on July 23, 2019.

[19] The Complaint is dated December 25, 2022, so that is the earliest date that Coward could have delivered it to prison authorities for mailing.

[20] *Coward v. City of Philadelphia*, Civ. A. No. 21-1619 (E.D. Pa.). *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of prior lawsuits).

[21] Assuming the Complaint could be liberally interpreted to raise a claim based on a police seizure of Coward's motorcycle, that claim, too, would be time-barred. *See Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time"). In addition to being time-barred, Plaintiff cannot bring claims against the police department because while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"). If the Court were to construe the claims to be against the City of Philadelphia, as opposed to its police department, the claims would still be time-barred, and in addition,

IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Coward's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend.  The motion for leave to proceed *in forma pauperis* will be dismissed as moot as the case is dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

nothing in the Complaint alleges that the conduct of which Coward complains resulted from a municipal policy or custom, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).